IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, ) ) ) ) | C/A No. 3:13-1449-MBS |
| Plaintiff, ) ) | **OPINION AND ORDER** |
| vs. ) ) | |
| Feleicia Cook, ) ) | |
| Defendant. ) ) | |

On May 30, 2013, Plaintiff Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, filed a complaint alleging that Defendant Feleicia Cook profited from a fraudulent investment scheme orchestrated by Joseph Brunson, Timothy McQueen, and Tony Pough, also known as the Three Hebrew Boys. See United States v. Brunson, Cr. No. 3:08-615. Plaintiff asserted causes of action for fraudulent transfer/violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (First Cause of Action); unjust enrichment (Second Cause of Action); imposition of an equitable mortgage/deed of trust (Third Cause of Action); constructive/resulting trust (Fourth Cause of Action); and equitable lien (Fifth Cause of Action).

On October 22, 2013, Plaintiff filed a motion for summary judgment, asserting that Defendant participated in a mortgage payoff program and a student loan program, and also received long term residual payments. Specifically, Plaintiff alleged that Defendant invested or deposited $11,600.00 and received payoffs totaling $112,834.19, which resulted in a net profit of $101,234.19. Defendant, proceeding pro se, filed a response in opposition to Plaintiff's motion on November 7,

2013. In her response, Defendant stated as follows:

> Defendant recalls as follows: a) Mortgage Satisfaction Program-$2,500.00 (invested); $81,973.11 was paid in full on my Mortgage Loan to Wells Fargo Home Mortgage; b) Monthly Residual Income-$2,100.00 (invested); $2,600.00 paid to Defendant; c) Signature/Student Loan Satisfaction Program-$1,500.00 (invested); And $28,261.08 (paid to AES $21,710.00 paid to Sallie Mae $6,550.99 and d) Auto Satisfaction Future Program-$2,750.00 (invested); No monies paid to Defendant.

ECF No. 11, 2.

Thus, according to Defendant, she invested $8,850.00 and received payoffs totaling $112,834.19. Defendant thereafter recited a portion of Fed. R. Civ. P. 56 and contended, without further support, that there were genuine issues of material fact precluding summary judgment. Defendant further argued that the actions of Plaintiff seeking summary judgment were unconscionable and unconstitutional. By order filed December 4, 2013, the court determined that the profits paid to Defendant should be set aside as a fraudulent transfer under S.C. Code Ann. § 27-23-10(A), and that Defendant had been unjustly enriched to the detriment of other investors in the Ponzi scheme. The court granted Plaintiff's motion for summary judgment and directed the Clerk of Court to order judgment against Defendant in the amount of $101,234.19.

This matter now is before the court on Defendant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which motion was filed on December 16, 2013, and supplemented on January 2, 2014. ECF Nos. 16, 17. Defendant contends that she has been denied her day in court and that she was not given the opportunity to dispute Plaintiff's allegations. Defendant asserts that a trial was necessary to establish the existence of a Ponzi scheme and to show that funds from the Ponzi scheme were applied to her debts. Defendant further argues that fraudulent intent on her part was not established, such that summary judgment was inappropriate.

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases). Mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. at 1082 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In this case, Defendant merely disagrees with the court's ruling. The court notes that a Ponzi scheme was found beyond a reasonable doubt by a jury, and Defendant's own filing in response to Plaintiff's motion for summary judgment demonstrates that she invested sums and received exorbitant returns. Further, as the court previously found, fraudulent intent was imputable to Defendant based upon the requirements of participant secrecy and extreme penalties for breach of

that secrecy, as well as Defendant's return on her investment of over 800 percent during a seventeen month period.

Defendant's motion for reconsideration, as supplemented, is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 20, 2014

4